[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (#s 117 119)
The plaintiff, Tatiana Uhelsky ("Uhelsky"), seeks to recover for personal injuries she sustained as a result of falling on an accumulation of snow in a parking lot of a building owned by the defendant One Research Drive Associates, Inc. ("Associates"). She has sued Associates and also has sued Gary's Landscaping and Lawn Service, LLC. ("Gary's"), which performed snow removal at the premises, alleging they each had a duty of care to maintain the premises and were negligent in the exercise of that duty. (Complaint, First Count, ¶¶ 2, 10, Second Count ¶¶ 2, 10.) Both defendants have moved for summary judgment on the counts of the complaint against them claiming, as a matter of law, that they did not owe a duty to the plaintiff under the doctrine of Kraus v. Newton,211 Conn. 191, 558 A.2d.240 (1998), because there was a storm in progress at the time she fell.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). The moving party has the burden of demonstrating the absence of a genuine issue of material fact, but the party opposing the motion must provide evidence to demonstrate the existence of such an issue. Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000); Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
The essential facts of this case are undisputed. At about 4:30 p.m. on February 18, 2000, Uhelsky, who worked for a tenant of Associates, ended her workday and left the premises exiting through the front entrance. She walked across the front walkway and into the front parking lot toward her CT Page 16161 motor vehicle and fell just as she was approaching her car. It had been snowing for a considerable period of time that day including when Uhelsky went out to lunch around noontime. It was still snowing when Uhelsky left work at 4:30 p.m. and Uhelsky described the snowfall as very heavy. Uhelsky estimated that there were about five inches of snow on the ground at that time. There were two parking lots for the building, which the parties have referred to as the "front lot" and the "back lot." Generally, employees parked in the front lot unless it was full.
In Kraus v. Newton, supra, 211 Conn. 197-98, the Supreme Court held "that in the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow. . . ." In this case, Uhelsky concedes that there was an ongoing storm and has not made any claim that she fell on an accumulation of old snow and ice that preexisted the snowfall that day.
Nonetheless, Uhelsky seeks to avoid the Kraus rule in two respects: First, she claims that there is a genuine factual issue regarding the existence of unusual circumstances. Second, she claims that because there is evidence that Gary's was removing snow from a back parking lot on the premises at the time she fell it subjected itself to liability, and Associates to vicarious liability, under Gazo v. Stamford, 255 Conn. 245,765 A.2d 505 (2001), for the failure to exercise reasonable care in that undertaking.[1]
 Gazo addressed the question of whether a snow removal contractor owes a direct duty of care to an injured plaintiff based on its contractual relationship with the landowner. The nature of the duty, however, was not in question. As the court stated, "[i]mplicit in the plaintiffs claim is that both [landowner] and [contractor] breached the same duty, and in thesame ways or ways. . . . Thus, we view the plaintiffs first claim as . . . a claim that [contractor] . . . stands in [landowner's] shoes with respect to liability to the plaintiff." (Emphasis supplied.) Id.,225 Conn. 249. Thus, in an action brought pursuant to Gazo against both the landowner and snow removal contractor, a plaintiff is required to establish that the contractor breached the landowner's duty of care to the plaintiff in order to prevail. Id., fn. 4. Under Kraus, Associates had no duty to undertake snow removal until a reasonable time after the storm ended unless there were unusual circumstances. Gary's duty was coterminous with Associates. Thus, the fact that Gary's had begun to plow the back lot of the premises on the date in question is irrelevant to the question of duty. CT Page 16162
Uhelsky has argued that by undertaking snow removal on that date Gary's had an obligation, under Restatement (Second) Torts, § 324A (b), to do it in a non-negligent manner. See Mantie v. The Inn at Manchester,Inc., Superior Court, Judicial District of Tolland at Rockville, docket no. 058009 (Jan. 9, 1997, Hammer, J.). Her argument might have some weight if, notwithstanding any duty to do so, Gary's had negligently plowed the area where Uhelsky fell, making the condition worse than if nothing had been done, and that negligence was a cause of her injury. SeeVictoria v. Wilson, Superior Court, Judicial District of New London, docket no. 543819 (Sept. 21, 1999, Corradino, J.) (Summary judgment denied where claim is that gratuitous undertaking to plow snow worsened conditions in area where plaintiff fell.) But Uhelksy's argument is that Gary's was negligent in choosing not to plow the front parking lot first. In the absence of any duty to plow that area on the part of the landowner, there can be no negligence on Gary's part for failing to do so.
Alternatively, Uhelsky has argued that there is a genuine factual issue regarding the existence of unusual circumstances. Uhelsky has maintained that the back lot was rarely used for parking because the entrance to the building was in the front and the front lot was more conveniently located. Thus, Uhelsky reasons, it was foreseeable that employees leaving the building at the end of the work day would use the front entrance and walk across the front walkway to cars parked in the front lot. She claims these facts, along with the fact that Gary's had already undertaken to plow the back lot and had plowing equipment on the premises, would suffice to overcome the general Kraus rule. However, these circumstances are hardly unusual.
In Sinert v. Olympia and York Development Co., 38 Conn. App. 844,664 A.2d 791, cert. denied, 235 Conn. 927, 667 A.2d 553 (1995), the Appellate Court was required to consider the meaning of the term "unusual circumstances" as used in Kraus. While it did not define those circumstances that would be deemed "unusual," Sinert made it clear that it is improper to consider "the status of the defendants as owners and maintainers of a commercial building in determining the duty owed to a plaintiff." Id., 849. Specifically, the court found that such factors as "the location of the premises, the use of the premises, the day of the week and the time of day" are not appropriate considerations in determining the existence of unusual circumstances. Id. Uhelsky largely relies on the same type of factors here and her argument is unavailing.
Additionally, Uhelsky relies on Cooks v. O'Brien Properties, Inc.,48 Conn. App. 339, 710 A.2d 788 (1998), for the proposition that the existence of only one practical means of ingress and egress to a building CT Page 16163 can amount to an "unusual circumstances" notwithstanding Sinert. In that regard, Uhelsky misreads Cooks. In that case, the jury were instructed that they consider both whether "whether the front steps on which the plaintiff fell were the only practical means of entry and exit from the building on the morning of the accident" and "whether all perceptible accumulation of snow had ceased well before 9 a.m., even if some light precipitation continued," in making a determination of unusual circumstances. Id., 345. The Appellate Court upheld this instruction because it viewed both factors together (the changeover in precipitation and the alternative means of egress) as sufficient to establish unusual circumstances. The fact of the lack of an alternative means of egress is insufficient. See Fryer v. Farmington Square, LLC., Superior Court, Judicial District of Hartford, docket no. 804593 (Sept. 20, 2002, Rittenband, J.). Nor does the fact that Gary's had commenced plowing the back lot constitute an unusual circumstance. See Cafarelli v. FirstNational Supermarkets, Inc., 46 Conn. Sup. 179, 740 A.2d 1010 (1999) (whether local streets, driveways, and sidewalks of other properties have been plowed does not constitute unusual circumstances when a storm is concededly ongoing).
In sum, the plaintiff fell in an unplowed area of the parking lot of her place of employment at the end of her work day during an ongoing storm. The defendants did not have any duty to undertake snow removal in that area while the storm was in progress. There is no evidential basis in the record before the court to support a jury finding of unusual circumstances to circumvent the general rule. Accordingly, the defendants' motions for summary judgment are granted. Judgment shall enter in the defendants' favor on the respective counts of the complaint against them.
___________________ LINDA K. LAGER, JUDGE CT Page 16164